989 F.2d 499
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Jay DAMRON, Plaintiff-Appellant,
v.
LUTHER LUCKETT CORRECTIONAL COMPLEX; Stephen T. Smith, in
his Personal Capacity and in his Official Capacity as Warden
of the Luther Luckett Correctional Complex; John Doe, in
his Personal Capacity and in his Official Capacity as
Medical Doctor at the Luther Luckett Correctional Complex;
Domingo Baisas, M.D., Defendants-Appellees.
 No. 92-6366.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1993.
 
 Before MILBURN and DAVID A. NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Robert Jay Damron, a pro se Kentucky state prisoner, appeals the summary judgment in favor of defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Damron sought monetary relief in this action against the warden and prison physician at the Luther Luckett Correctional Complex. He alleged that he had fallen outside the shower area due to water on the floor, breaking a wire in his knee cap, and that he had to wait over a month to have the broken wire removed. The district court granted defendants' well-documented motion for summary judgment.
 
 
 3
 Upon review, it is concluded that defendants were properly granted summary judgment, as there is no genuine issue of material fact and they are entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The record in this case clearly established that defendants were not deliberately indifferent to Damron's serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Damron's complaint about the slippery floor outside the showers demonstrates no more than negligence on the part of the defendants, which is not actionable under § 1983. See Wilson v. Seiter, 111 S.Ct. 2321, 2328 (1991).
 
 
 4
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.